Dunn, Appellee, *v.* Higgins, Appellant.

(No. 40937—Decided May 29, 1968.)

*Messrs. Cubbon & Rice* and *Mr. Frank W. Cubbon, Jr.*, for appellee.

*Messrs. Robison, Curphey & O'Connell* and *Mr. E. Thomas Maguire*, for appellant.

MATTHIAS, J. At the outset, it must be noted that the defendant, appellant herein, argues that the court below, by its decision, circumvented the constitutional provision that "no judgment of any court of record entered on the verdict of the jury shall be set aside or reversed on the weight of the evidence except by the concurrence of all three judges of a Court of Appeals," as embodied in Section 6, Article IV of the Constitution of Ohio.

242

The decision below, as previously mentioned, was by a vote of two judges to one. The Court of Appeals found assignments of error Nos. 1 through 6 to be well taken, and therefore reversed without considering assignment of error No. 7 which was the contention that the verdict was against the manifest weight of the evidence.

The defendant proposes to this court that the only possible ground for reversal presented to the court below was assignment of error No. 7 and that the finding by the court below that assignments of error Nos. 1 through 6 were well taken was only for the purpose of avoiding the unanimity required by Section 6, Article IV of the Constitution of Ohio for reversal upon the weight of the evidence.

While the lack of accord among the three judges in the Court of Appeals as to the sufficiency of the evidence is obvious as shown by Judge Straub's dissent from the majority opinion and by the further fact that were the judges all of one mind there would be no reason not to pass on assignment of error No. 7, this court is not persuaded to the view that the first six assignments of error urged before the court below were meaningless. To the contrary, we find that they pose questions difficult to resolve in light of the record in this case.

Therefore, though we are in accord with the proposition advanced by appellant—that a Court of Appeals should be prohibited from circumventing Section 6, Article IV of the Constitution of Ohio—we feel that it is not applicable to the case at hand.

We move then to a consideration of the findings made by the court below.

The Court of Appeals held that it was error for the trial court to charge the jury on the issues of contributory negligence and assumption of risk, there being no substantial probative evidence presented from which a jury might make a finding of either or both. The court based its determination upon this court's decisions in *Bush* v. *Harvey Transfer Co.*, 146 Ohio St. 657, and *Ricks* v. *Jackson*, 169 Ohio St. 254.

The fifth paragraph of the syllabus in the *Bush case* reads as follows:

"* * * To warrant the submission of the issue of contributory negligence to the jury it is essential that some evidence be adduced tending to show that the plaintiff failed in some respect to exercise the care of an ordinarily prudent person under the same or similar circumstances and that such failure was a proximate cause of his injury * * *."

The third paragraph of the syllabus in the *Jackson* *case* reads:

"It is error to charge a jury with respect to the issue of assumption of risk where there is no evidence to support that issue."

The jury in this case found that the defendant was negligent in the manner in which he constructed the scaffolding, but that the plaintiff was also negligent in that he knew or should have known of the danger involved in the use of such makeshift scaffolding, and it was their view that the plaintiff assumed the risk of injury by consenting to work on scaffolding that was eight or nine feet high and about which plaintiff had as much knowledge as the defendant.

This court has distinguished the defenses of contributory negligence and assumption of risk in the first paragraph of the syllabus in *Porter* v. *Toledo Terminal Rd. Co.*, 152 Ohio St. 463, where we held:

"The terms 'contributory negligence' and 'assumption of risk' are not synonymous. The former is based on carelessness and the latter on venturousness."

And this court has recognized that the two may co-exist. *Ricks* v. *Jackson, supra* (169 Ohio St. 254); *Wever* v. *Hicks*, 11 Ohio St. 2d 230.

In the case at bar, the jury properly could, and did, find the plaintiff to have been contributorily negligent in that he knew or ought to have known of the dangerous condition of the scaffolding. The jury also could properly find, and did find, that the plaintiff acquiesced in the realized danger of working at a height of eight or nine feet from the floor on nonprofessional, movable scaffolding which was likely to become unstable.

In simple terms, the plaintiff, by the exercise of ordi-

244

nary care, would have known that the scaffolding was unsturdy, but also he necessarily was aware of, and accepted, the chance that the scaffolding would become unsafe while he worked on the rigging.

The evidence in the record is sufficient to support such conclusions on the part of the jury.

Not one of the three persons present at the time of plaintiff's fall was in a position to determine the cause of plaintiff's fall.

Plaintiff testified on cross-examination that he did not know what caused his fall:

"Q. Am I correct, then, Mr. Dunn, that from your point of view that this scaffolding appeared to be strong and sturdy to you? A. Yes.

"Q. And am I correct that you do not know the cause of your fall? Is that right? A. I don't actually know what happened. I turned to the wall and when I turned the boards seemed to tilt and fall under me, and I fell over backwards.

"Q. But you don't know, is that right? A. What caused the board to tilt, no, sir, I do not."

Plaintiff's wife, Gloria Dunn, testified that she did not actually witness the start of plaintiff's fall:

"Q. Did you see your husband take a step or move about immediately before his fall? A. No.

"Q. Were you actually talking to him and looking at him immediately before his fall? A. No,—I had been talking to him. My attention was on Bob right at the time it happened."

Furthermore, defendant testified both on direct and on cross-examination that he did not see the plaintiff fall.

"Q. Now, specifically what were you doing when he fell? A. I was bending over picking up a piece of insulation and started to turn. I hadn't got all the way around before the scaffolding fell.

"Q. Will you state whether or not you had your back to him at that time? A. I had my back to him, yes, sir.

"Q. Did you see him fall? A. No, sir."

It is plaintiff's theory in this case that the tilting of the board which resulted in plaintiff's fall was caused

either (a) by defendant having disturbed the scaffolding while ascending a ladder placed by defendant part way underneath the scaffolding, or (b) by plaintiff's body weight causing a board of the scaffolding to sag and come in contact with a ladder placed by defendant part way underneath the scaffolding. And there is evidence to support plaintiff's theory. Mrs. Dunn's testimony conflicts with defendant's testimony in that she claims he was ascending a ladder at the time plaintiff fell and he claims that he was on the floor facing the other direction. If defendant was on the ladder he could have disturbed the board which caused plaintiff to lose his balance. Also, there is testimony to show that a ladder had been placed part way underneath the scaffolding and a sagging board might have come in contact with a ladder so positioned so as to have the effect of tilting the board.

The jury concluded, however, that the scaffolding was makeshift in character, that plaintiff and defendant both should have known that it was dangerous, and that plaintiff's fall was his own fault. Implicit in such a determination is a rejection of plaintiff's theory in this case.

We are of the opinion that the court below erred in its determination that there was no evidence in this case to support a finding of contributory negligence and assumption of risk. We accordingly find no error on the part of the trial court for having instructed the jury as to those matters nor in submitting the special interrogatories on those issues to the jury.*

---

*We have reviewed the form of the instruction as to assumption of risk and find no error as did the court below. That instruction is worded:

"Assumption of risk is an affirmative defense, and therefore the burden of proof on this issue is upon the defendant. If you find that the defendant has established by a preponderance of the evidence that the plaintiff knew of the danger or that the danger was so obvious that he must be taken to have known of it, and the plaintiff had a conscious opportunity to avoid the danger by the use of ordinary care, then the plaintiff cannot recover. However, if the defendant fails to prove any of these foregoing elements, then the plaintiff did not assume the risk and you will dismiss it from your further consideration."

The court below also found, and the plaintiff argues, that the trial court erred in charging the jury as to unavoidable accident. Plaintiff relies upon the case of *Uncapher* v. *Baltimore & Ohio Rd. Co.*, 127 Ohio St. 351, as support for that position:

In paragraphs two and three of the syllabus of *Uncapher*, this court held:

"2. Unavoidable accident occurs only when the disaster happens from natural causes, without negligence or fault on either side.

"3. The plea of unavoidable accident is diametrically opposed to the theory of negligence in any form."

In the opinion, at page 359, Judge Stephenson remarked:

"* * * how must the pleader invoke the defense of unavoidable accident? Simple enough. He must admit the accident in question, and aver that plaintiff was not negligent in any respect, and that he (defendant) was not negligent in any respect."

Of course, defendant in this case, in addition to denying his own negligence, pleaded contributory negligence and assumption of risk—both defenses "diametrically opposed" to a theory of unavoidable accident.

But, as was recognized in *Uncapher*, error in a charge may not always work to the prejudice of a party in the case, and we believe that it could not have inured to the benefit of defendant in the case at bar since the special interrogatories answered by the jury clearly show that they found both parties negligent and that plaintiff's own negligence proximately caused his injuries.

Answers to special interrogatories control over a general verdict, provided there is sufficient evidence to warrant their submission to the jury and they are proper in form. *Clevenger* v. *Huling*, 3 Ohio St. 2d 200. That they are to be relied upon to determine whether substantial justice has been afforded in a particular case follows *a fortiori*. That is the situation here.

Accordingly, it is clear from those answers that the jury found both parties negligent, and, further, that plaintiff assumed the risk of his fall and subsequent injuries

and that plaintiff's actions proximately caused his injuries. It is evident that the jury placed no reliance upon the doctrine of unavoidable accident in reaching its verdict for the defendant. Therefore, we find that the charge on unavoidable accident by the trial court, though erroneous, was not prejudicial.

We find no reason to remand the cause to the Court of Appeals for a determination as to whether the verdict was against the manifest weight of the evidence. Clearly, it was not.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT and BROWN, JJ., concur.