Kafel, Appellee, *v.* Republic Steel Corp., Appellant.

[Cite as Kafel v. Republic Steel Corp. (1972),
30 Ohio St. 2d 55.]

(No. 71-354—Decided May 3, 1972.)

Mr. F. M. Apicella, for appellee.

Messrs. Weston, Hurd, Fallon, Sullivan & Paisley, Mr. Frank Seth Hurd and Mr. Robert D. Rosewater, for appellant.

LEACH, J.   Republic asserts that it is entitled to final judgment in its favor as a matter of law on the basis (1) that it had not been shown to have been negligent, and (2) that, in any event, plaintiff was (a) negligent as a matter of law and (b) assumed the risk of injury as a matter of law.   With these assertions we do not agree.

Alternatively, Republic asserts that it is entitled to a new trial based on the refusal of the trial court, upon proper request, to submit to the jury for its determination

the issue of assumption of risk. We conclude (1) that assumption of risk is available as a defense in the type of case here under consideration, and (2) that, on the evidence herein adduced, reasonable minds could differ as to whether there had been such an assumption of risk on the part of the plaintiff.

There is no dispute between the parties as to the fact that the plaintiff was an employee of an independent contractor. Likewise, there is no dispute as to the fact that Republic is an "employer," as defined by R. C. 4101.01(C), and that plaintiff is a "frequenter," as defined by R. C. 4101.01(E).

Republic asserts that by supplying a copy of its safety rules to plaintiff's employer, Advance Cleaning Contractors, Inc., it had fully discharged any duties owed by it to the plaintiff. In support of this position Republic cites the case of *Schwarz* v. *General Electric Realty Corp.* (1955), 163 Ohio St. 354, which holds, in paragraph three of the syllabus:

"Where the owner of premises employs an independent contractor to do work thereon, is not in control of the work area, does not participate in the work, and gives notice to the contractor or those in charge of the work of the potential danger of contact with a high-tension electric line maintained on the premises, such owner is not legally obligated to give notice of such danger to the individual employees of such independent contractor who may be assigned by such contractor to unload steel beams at a site underneath such high-tension lines."

We reaffirm the principles of law expressed in the *Schwarz* case, but find that such are not applicable to the facts in this case. In *Schwarz*, the independent contractor was in control of the premises, while, here, the control of the premises remained in Republic. A jury could conclude from the evidence that Republic had full knowledge that the employees of Advance were not abiding by the safety requirements relating to hard hats and safety glasses, and that Republic took no steps to see that they did, although it admitted it had full authority to enforce compliance.

The list of safety regulations provided to Advance is of little help in advising anyone of the specific areas or departments where hard hats and safety glasses were required. Rule 36 merely says that "proper eye protection and head protection must be worn in departments where required."

Paragraph three of the syllabus of *Hozian* v. *Crucible Steel Casting Co.* (1937), 132 Ohio St. 453, reads:

"When the owner or occupier of premises engages an independent contractor to do work thereon, an employee of the contractor, while executing the work, is impliedly there at the request of the owner and is an invitee toward whom the owner owes the duty of exercising ordinary care."

Paragraph one of the syllabus of *Bosjnak* v. *Superior Sheet Steel Co.* (1945), 145 Ohio St. 538, reads:

"An employee of an independent contractor, while engaged in the erection of a building upon premises, the possession and control of which are retained by the owner, is an invitee to whom the owner owes the duty of exercising ordinary care to maintain the premises in a reasonably safe condition for use in a manner consistent with the invitation, and to inform the invitee of hazardous conditions of the premises and of activities thereon unknown by and not obvious to the invitee."

Paragraph two of the syllabus of *Wellman* v. *East Ohio Gas Co.* (1953), 160 Ohio St. 103, reads:

"One who engages an independent contractor to do work for him ordinarily owes no duty of protection to the employees of such contractor, in connection with the execution of the work, who proceeds therewith knowing and appreciating that there is a condition of danger surrounding its performance."

Applying the law as announced in *Hozian, Bosjnak, Wellman* and *Schwarz* to the evidence in the instant case, we conclude that reasonable minds could differ as to whether, under all the circumstances, Republic exercised ordinary care. Thus we conclude that the trial court did not err in refusing to direct a verdict in favor of Republic as to the issue of negligence.

As to the issue of contributory negligence, we also are of the opinion that a jury issue was presented, and since such issue was submitted to the jury for its determination, we find no error in such respect.

As heretofore noted, plaintiff was a "frequenter" within the meaning of R. C. 4101.01(E), and thus, under the provisions of R. C. 4101.11, Republic had the duty of furnishing "a place of employment which shall be safe for the employees therein and for frequenters thereof." Prior to our recent decision in *Westwood* v. *Thrifty Boy* (1972), 29 Ohio St. 2d 84, a conflict existed in the opinions of some Courts of Appeals as to whether assumption of risk was an available defense in actions claiming a violation of the safe-place statutes. The instant case was argued and submitted to this court prior to our decision in *Westwood*. At that time, counsel for plaintiff argued that under no circumstances would the defense of assumption of risk be available in a "frequenter" case. That same position had been taken in both the trial court and the Court of Appeals.

In *Westwood*, we held that the defense of assumption of risk is available in a "frequenter" case. The syllabus thereof reads:

"1. R. C. 4101.11, a safe-place statute, does not exact a duty to a frequenter substantially different from that imposed at common law upon an owner of property.

"2. Where a frequenter, as defined in R. C. 4101.01(E), voluntarily and with knowledge of an existing danger enters the premises of an employer, as defined in R. C. 4101.01(C), the defense of assumption of risk is available to such employer in an action by the frequenter alleging a violation of R. C. 4101.11, a safe-place statute."

Additionally, counsel for plaintiff contends that, even if the defense of assumption of risk be available in "frequenter" cases, in the instant case there was no evidence which would permit the submission of that issue to the jury. We disagree.

Generally speaking, where assumption of risk is an available defense, such issue is a question for the jury un-

der appropriate instructions from the court. Paragraph four of the syllabus of *Baldridge* v. *Wright Gas Co.* (1951), 154 Ohio St. 452.

We believe that the language of Justice Paul M. Herbert in *Wever* v. *Hicks* (1967), 11 Ohio St. 2d 230, at page 234, is a concise statement of the applicable law to be applied herein. We quote:

"There is then presented the question of whether the court or the jury should decide whether plaintiff, on the basis of the evidence presented, assumed the risk. Generally, that issue is a factual one that requires resolution by the jury. It is *only* when reasonable minds could come to but one conclusion that the issue becomes one for the court. *Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469; *Francis* v. *Bieber* (1967), 10 Ohio St. 2d 65. * * *"

Plaintiff asserts that the submission to the jury of the issue of assumption of risk would be precluded by the holding in paragraph one of the syllabus of *Ricks* v. *Jackson* (1959), 169 Ohio St. 254, that:

"In the absence of evidence that a person knew of a danger or that the danger was so obvious that he must be taken to have known of it, it cannot be held that such person assumed the risk of injury from such danger."

Essentially, it appears to be plaintiff's contention that since she testified, in effect, that she was not aware of any danger immediately before she started to cross in front of the furnace, and that prior to starting to cross in front there were "just flames coming up," and that, in crossing, she relied upon the signal of two employees of Republic,* there cannot be said to be any evidence to warrant submission of the issue of assumption of risk to the jury.

While it is true that her testimony in such respect is such as to preclude any finding by a court, as a matter of law, that she did assume the risk, we conclude that the totality of the evidence was such as to permit a jury to find assumption of risk.

---

*It was within the province of the jury, as the trier of the facts, to accept or reject such testimony.

Her admitted knowledge of the propensity of the furnance to "flare up" from time to time, and thereby to emit "sparks," is sufficient to permit reasonable minds to conclude that plaintiff, with such knowledge, voluntarily assumed the risk.

Paragraph four of the syllabus of *Davis* v. *Charles Shutrump & Sons Co.* (1942), 140 Ohio St. 89, reads:

"In an action by a contractor's servant against a contractee for injuries resulting to such servant because of the condition of the premises of the contractee, it is a valid defense that the *conditions by which the injury in question was occasioned were known to* and appreciated by the plaintiff and that as a consequence he is chargeable with an implied *assumption of the risks arising from those conditions.*" (Emphasis added.)

See, also, *Masters* v. *New York Central Rd. Co.* (1947), 147 Ohio St. 293; *Porter* v. *Toledo Terminal Rd. Co.* (1950), 152 Ohio St. 463; *Baldridge* v. *Wright Gas Co.*, *supra* (154 Ohio St. 452); *Centrello* v. *Basky* (1955), 164 Ohio St. 41; *Dunn* v. *Higgins* (1968), 14 Ohio St. 2d 239; and *Briere* v. *Lathrop Co.* (1970), 22 Ohio St. 2d 166, at page 175.

As to the issue of assumption of risk, *Westwood* v. *Thrifty Boy*, *supra* (29 Ohio St. 2d 84), has now made it clear that such a defense is available in "frequenter" cases. Having concluded that such defense is available and that reasonable minds could differ as to the determination of such issue under the evidence here adduced, we conclude that the trial court erred to the prejudice of the defendant in refusing to charge on assumption of risk.

The judgment of the Court of Appeals is, therefore, reversed and the cause is remanded for a new trial.

*Judgment reversed.*

O'Neill, C. J., Schneider, Herbert, Corrigan and Stern, JJ., concur.

Brown, J., concurring in the syllabus and dissenting from the judgment. While I concur in the syllabus I dissent in its application to the facts of the instant case.

An examination of the entire record indicates that, as a matter of law, the defense of assumption of risk is not available herein, since reasonable minds could come to but one conclusion on this issue—that plaintiff Kafel assumed no risk of injury *at the time in question* when she passed by the basic oxygen furnace.

Plaintiff testified that before proceeding to cross in front of the furnace two employees of Republic Steel, who were apparently working about the furnace, had signaled her to cross in front of it, as they had always done previously. In fact, plaintiff had always awaited such a go-ahead signal from defendant's employees before proceeding past the furnace.

Plaintiff relied upon the assurance of safe passage given by employees charged with the operation of the immediate facility.

As a relative novice to the operation of a steel plant, and more specifically, the danger of passing a given furnace at a given time, Mrs. Kafel justifiably relied upon the judgment of these relative experts in order to determine when it was safe to pass. Although it was known to her that the furnace in question had occasional periods of danger, it was also known to her that at other times it was relatively dormant and safe—and that the employees would motion her across during the latter period, but not during the former.

It is by now well established that the defense of assumption of risk arises only if the danger is obvious or where the party against whom it is invoked has knowledge of the danger and then assumes the risk. 39 Ohio Jurisprudence 2d 619, Negligence, Section 81. In the present case, a reasonably prudent person would have been justified in relying upon the judgment of those experienced and qualified as to the *present* safety of a potentially dangerous instrumentality. In so relying, such party could not be charged, as a matter of law, with having the requisite knowledge of the *present* danger of a *complex* furnace of which she had no expert knowledge.

The general rule is that there can be no assumption of risk where one "is engaged in working with machinery or appliance of which he has but a limited and imperfect knowledge, and in cases where some measure of skill and experience is necessary to enable the servant to know and appreciate the particular defect and the danger incident thereto * * *." *McGill* v. *Cleveland & South-Western Traction Co.* (1908), 79 Ohio St. 203, 214.

As stated in *Van Duzen Gas & Gasoline Engine Co.* v. *Schelies* (1899), 61 Ohio St. 298, at page 307:

"* * * Thus if the master or his representative has superior knowledge of a given situation, and he assures the servant that he can safely undertake a given work, such assurance may justify the servant in undertaking the work, in reliance upon the superior knowledge of the master, without being liable to the charge of negligence in so doing, unless the danger is so imminent or manifest as to prevent a reasonably prudent man from risking it * * *."

See, also, *Railway Co.* v. *Krouse* (1876), 30 Ohio St. 222; *Berea Stone Co.* v. *Kraft* (1877), 31 Ohio St. 287; *Little Miami Rd. Co.* v. *Stevens* (1851), 20 Ohio 415; *Cleveland, Columbus & Cincinnati Rd. Co.* v. *Keary* (1854), 3 Ohio St. 201; *Mad River & Lake Erie Rd. Co.* v. *Barber* (1856), 5 Ohio St. 541; *Whaalan* v. *Mad River & Lake Erie Rd. Co.* (1858), 8 Ohio St. 250; *Pittsburgh, Fort Wayne & Chicago Ry. Co.* v. *Dedivinney* (1867), 17 Ohio St. 197.

In the present case, plaintiff was injured as she was walking past defendant's furnace, where she was required to walk in order to reach and clean a nearby area, this being the sole means of access. Therefore, the rule of *Van Duzen Gas & Gasoline Engine Co.* v. *Schelies* applies. Plaintiff had no alternative route, and had no selection of the means and manner of reaching her objective in order to perform the cleaning services required of her by the defendant. See paragraph three of the syllabus in *Northern Ohio Ry. Co.* v. *Rigby* (1903), 69 Ohio St. 184.