JOURNAL ENTRY AND OPINION
Monte Poston appeals from a judgment of the common pleas court, entered pursuant to a jury verdict, finding him guilty of robbery, alleging that his conviction is not supported by sufficient evidence; the jury entered an inconsistent verdict; and that he did not receive effective assistance of counsel. After reviewing this matter, we have concluded these contentions are not well taken and therefore we affirm the judgment of the trial court.
The record before us reveals that on December 15, 1997, the victim, Gerald Robinson, had been engaged in a late-night recording session at Buchanan Recording Studio located on East 140th street in Cleveland, Ohio. Between 10:30 and 11:30 p.m., that night, after being paid eight hundred dollars in cash, Robinson left the studio and proceeded to China One, a restaurant, where he met Monte Poston, a friend whom he had known since elementary school. After purchasing a carry-out order, Robinson left the restaurant with Poston and, according to Robinson, as they walked on, Poston pushed him against a brick wall, reached into Robinson's pocket containing the eight hundred dollars, and the two began to struggle. Robinson also testified that during the fight, he felt something hard in Poston's pocket, which he identified as a gun, and heard Poston state, "Don't make me kill you." Robinson also testified that after seeing the handle of the gun, and, in light of the threat Poston had made to him, he gave up his struggle and permitted Poston to remove the eight hundred dollars from his pocket and his carry-out meal. As a result of the attack, Robinson injured his left knee. Poston, who testified in his own defense, stated that on the day of the incident, he had gone to work, and then visited his mother in the hospital. Afterwards, he met Robinson at China One, saw Robinson get into the passenger side of a black Honda, and maintained that he continued to walk home. Poston further stated that a few minutes later, he heard tires burning and a loud car door slam. When he approached East 117th street, he saw Robinson lying on the street holding his leg in pain as the black Honda drove away. Poston denied attacking Robinson and stealing his money, but admitted that he had taken Robinson's carry-out food order.
On March 10, 1998, the grand jury returned an indictment against Poston, for aggravated robbery with both a one year and a three year firearm specification, and a second indictment for having a weapon while under a disability. The court began Poston's jury trial on November 3, 1998; the state called Robinson and a neighbor, Willis Skipper, who witnessed the two struggling, but thought they were wrestling. Following the close of the state's case, defense counsel moved for a judgment of acquittal pursuant to Crim.R. 29, seeking deletion of the gun specifications from the aggravated robbery charge and further seeking dismissal of the weapons under disability charge based on a lack of evidence to prove that the gun had been use, brandished, or displayed during the commission of the offense. The state agreed, but argued that Poston possessed it during the commission of the crime, and therefore requested an instruction on what it termed the lesser but included offense of robbery.
The court thereafter, overruled the motion for acquittal. Poston testified in his own defense denying any participation in the events. Following the close of evidence, the court charged the jury on both aggravated robbery and robbery, without objection to this charge by defense counsel. The jury returned its verdict finding Poston not guilty of aggravated robbery, not guilty of the specifications, not guilty of having a weapon while under a disability, but guilty of robbery. The court then sentenced Poston to a term of three years for his participation in this case. He now appeals, and sets forth three assignments of error for our review.
 I. MONTE POSTON HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY HIS CONVICTION FOR ROBBERY WHICH WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE TO PROVE HIS GUILT BEYOND A REASONABLE DOUBT.
Poston maintains his conviction for robbery is not supported by sufficient evidence because he believes the state failed to prove the weapon used in the commission of the crime had been an operable firearm. The state, however, maintains that proof of the operability of a firearm as a deadly weapon is not an essential element of the crime of robbery.
The issue, then, concerns whether Poston's conviction for the crime of robbery is supported by sufficient evidence.
We begin our analysis with Crim.R. 29 (A), which provides in part:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. * * *
The test for sufficiency of the evidence raises a question of law to be decided by the court before the jury may receive and consider the evidence of the claimed offense. In State v. Jenks (1991), 61 Ohio St.3d 259, the court stated:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Citations omitted.)
In this case, the state had the obligation to present evidence on all elements of the crime of robbery. However, when the court defined robbery it stated:
 If all of you are unable to agree on a verdict of either guilty or not guilty of aggravated robbery, then you will continue your deliberations to decide whether the state has proved beyond a reasonable doubt all the essential elements of the lesser included offense of robbery.
 Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the 15th, day of December, 1997, and in Cuyahoga County, Ohio, the defendant did in attempting or committing a theft offense, as defined in Section 2913.01, of the Revised Code, or in fleeing immediately after the attempt or offense upon Gerald Robinson, had a deadly weapon, to-wit; a firearm on or about his person or under his control.
 The offense of robbery is distinguished from aggravated robbery by the absence or failure of the state to prove the element that the offender either displayed the weapon, brandished the weapon, indicated that he possessed the weapon, or used the weapon. (Emphasis added).
 In addition, the court also instructed the jury on the statutory definition of a deadly weapon. The court stated:
 Deadly weapon means any instrument, device or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried or used as a weapon. A deadly weapon is any instrument, device, or thing which has two characteristics: The first characteristics is that it is capable of inflicting or causing death. The second characteristic is in the alternative: Either the instrument, device or thing was designed or specially adapted for use as a weapon, such as a gun, knife, billy club or brass knuckles, or it was possessed, carried or used in this case as a weapon. These are questions of fact for you to decide.
Poston asserts the court's charge limited the jury's consideration to his use of a firearm, but we disagree. We have concluded the firearm language in this part of the charge is surplusage because it is not necessary that the jury find the weapon to be a firearm in order to constitute the crime of robbery; rather, the jury need only find the presence of a deadly weapon. Therefore, in this case, the jury could have believed that Poston had a weapon on or about his person at the time of the offense but that he did not brandish, display or use it; and it did not have to concern itself with whether the weapon had been operable.
Further, the evidence in this case demonstrated that the victim, Gerald Robinson, testified he felt an object that he believed to be a gun in Poston's pocket, that he saw the black handle of the gun and that Poston said to him, "Don't make me, Gerald, don't make me kill you, give me that money, don't make me kill you."
After reviewing this evidence in a light most favorable to the state, a reasonable trier of fact could have concluded that Poston had a deadly weapon on or about his person at the time he committed a theft offense against Robinson. Therefore, this assignment of error is not well taken and it is overruled.
 II. MONTE POSTON HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY HIS CONVICTION OF AGGRAVATED ROBBERY, HAVING A FIREARM ON OR ABOUT HIS PERSON WHILE COMMITTING A THEFT OFFENSE, WHICH WAS WHOLLY INCONSISTENT WITH THE VERDICT WHICH FOUND HIM NOT GUILTY OF THE FIREARM SPECIFICATION IN THE SAME COUNT OF THE INDICTMENT.
Poston maintains the jury's verdict finding him guilty of aggravated robbery but not guilty of the firearm specification is internally inconsistent and therefore precludes a finding of guilt with respect to robbery.
The state maintains the jury found Poston guilty of robbery and not aggravated robbery and that it is not inconsistent for the jury to conclude that Poston committed the crime of robbery but did not possess a firearm.
The issue presented for our review concerns whether Poston can be convicted of robbery without also being convicted of the firearm specification.
In Browning v. State (1929), 120 Ohio St. 62, the court considered the issue of inconsistent verdicts, and set forth the following rule:
 A verdict will not be set aside as inconsistent, or uncertain, because it finds differently as to counts in which there is no material difference. * * * [E]ach count of an indictment charges a complete offense; that the separate counts of an indictment are not interdependent, but are, and necessarily must be, each complete in itself, and that in determining the effect of a verdict that responds by designation to a given count the other counts of the indictment will be ignored, and the response of the jury to such other counts likewise ignored; that an inconsistency does not arise, unless it arises out of inconsistent responses to the same count.
Further, in State v. Woodson (1985), 24 Ohio App.3d 143, a case strikingly similar to the facts confronting us in the instant case, where the jury convicted the defendant of aggravated robbery, despite its finding that the offense had not been committed while the defendant had a deadly weapon on or about his person or under his control, the court affirmed the conviction and stated:
 In criminal cases, as contrasted with civil cases (see, e.g., Dunn v. Higgins (1968), 14 Ohio St.2d 239, at 246, 237 N.E.2d 386, 43 O.O.2d 368; Civ.R. 49 (B)), Ohio follows the general rule that consistency between verdicts on the several counts of an indictment is unnecessary where the defendant is convicted on one or some counts and acquitted on others, and the conviction will generally be upheld irrespective of its rational incompatibility with the acquittal. State v. Adams
(1978), 53 Ohio St.2d 223, 374 N.E.2d 137. 7 O.O.3d 393.
 The Ohio rule is consistent with that pronounced in the leading federal case on the subject, Dunn v. United States (1932), 284 U.S. 290, 52 S.Ct. 189, 76 L.Ed. 356. In that case, the defendant was tried on a three-count indictment charging violations of federal liquor laws. The first count alleged that he had maintained a common nuisance by keeping liquor for sale, and the second and third counts charged unlawful possession and unlawful sale of the liquor. The jury convicted defendant of the first count, and acquitted him of the second and third counts. The United States Supreme Court rejected the claim that the inconsistent verdicts entitled the defendant to be discharged.
We have concluded that the court here did not commit reversible error because the jury's verdict is not inconsistent with the court's charge or the evidence presented on the subject; further, even if it appears to be inconsistent, in conformity with Browning, Woodson and Dunn, irreconcilable verdicts are not a basis to vacate a judgment. The jury's verdict is consistent with the evidence that Poston carried a weapon in his pocket and Robinson believed it to be a gun. To obtain a robbery conviction, the state did not have an obligation to prove the presence of a firearm; rather, the burden fell to proof of the presence of a deadly weapon. The state here met its burden. Accordingly, this assignment of error is overruled.
 III. MONTE POSTON WAS DENIED INEFFECTIVE ASSISTANCE OF COUNSEL, BY COUNSEL'S FAILURE TO KEEP IMPROPER VICTIM IMPACT TESTIMONY OUT OF THE TRIAL.
Poston maintains he had been denied effective assistance of counsel because his defense attorney failed to object to Robinson's testimony regarding the injuries he sustained in the attack.
The state maintains Poston failed to prove that the outcome of the trial would have been different had his defense counsel objected to Robinson's testimony.
In Strickland v. Washington (1984), 466 U.S. 668, the court established a two-part test for consideration in addressing claims of ineffective assistance of counsel:
 * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.
In State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus, the court stated:
 In order to show prejudice, the defendant must demonstrate a reasonable probability exists that, absent counsel's error, the result of the trial would have been different.
The record before us reveals that Robinson testified that during the attack, Poston had pushed him up against a brick wall, punched him, causing him to fall on the pavement, and injuring his left knee. Poston claims that defense counsel's failure to object to this testimony rendered him ineffective. However, we have concluded that Poston failed to demonstrate that his counsel's failure to object constituted deficient performance or that, but for this objection, the result of the trial would have been any different. Accordingly, this assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JUDGMENT: AFFIRMED.
JAMES D SWEENEY, J. and. MICHAEL J. CORRTGAN. J. CONCUR
 ___________________________ PRESIDING JUDGE TERRENCE O'DONNELL