## WILLIAMS v BURRELL

Ohio Appeals, 5th Dist, Stark Co

No 1235. Decided February 1932

Adolph Unger, for plaintiff in error.
Lynch, Day, Pontius & Lynch, Canton, for defendant in error.

LEMERT, J.

We deem it unnecessary for a proper decision of this case to quote the testimony at any great length in order to determine the questions presented by the petition in error and stressed by counsel in both oral argument and in their briefs. It is only necessary to note carefully the issues made by the pleadings in the case: first, on the part of the plaintiff below in, the charge made in the petition as to the negligence of the defendant; and second, to note that the defendant denied any and all negligence, and further claimed that the injuries plaintiff received were the result of his sole negligence.

There was absolutely nothing in the pleadings, either by way of petition or an-

swer, that charged contributory negligence or that the injuries plaintiff received were the result of an unavoidable accident.

We note on page 123 of the record, in the charge of the court, the court in charging the jury used the following language:

"However, in light of all the testimony, the manner in which this cause has been submitted to you, the defendant is entitled to avail himself of what is known in law as the defense of contributory negligence. Now by contributory negligence we mean negligence on the part of the one seeking to recover, which directly and proximately contributes to his own injury. It is the law of this state that where one's own negligence directly contributes to his injury, he cannot recover. That is not the law in all states. In some states there may be a comparison, but I suggest to you now, if you come to that question, if you first find the defendant was negligent and also that the plaintiff was negligent, then you should spend no time in trying to determine which was more to blame. In other words, which was guilty of the greater negligence, because in this state if there was any negligence on the part of the plaintiff which directly contributed to his own injury, he cannot recover."

Keeping in mind the pleadings and an examination of the testimony in the record, we note that the Court below, of his own accord and volition, brought into the case the matter of contributory negligence, the same not being warranted by the issue made in the pleadings or by the evidence. Thereafter, the Court in his charge to the jury, as shown on page 126 of the record, uses the following language:

"The Court thinks at this time he should call the attention of the jury to one other principle of law and that is injury which occurs by what is known as unavoidable accident. The law is too humane to require any one to respond in case of an injury which occurred by reason of an unavoidable accident. And by unavoidable accident we mean such an injury as occurs notwithstanding and in spite of the fact that there was no negligence on the part of any one. That is, in other words, neither party was negligent—that the thing happened by reason of a combination of circumstances for which the parties were not responsible in the sense of being negligent. In that case, the injury would be considered to be accidental and there could be no recovery."

The record discloses that after the jury retired for their deliberation, and after deliberating for sometime, the members of the jury, through their foreman, addressed the following inquiry to the Court, as disclosed by record pages 129 and 130:

"Can we send in a verdict of unavoidable accident and can the child receive compensation if this verdict is given by the jury? Of course the answer to that question is no. However, the Court probably should say to you further that the only possible verdict in this case is either a verdict in an amount for the plaintiff, or a verdict generally for the defendant. You write no other matters pertaining to your verdict in your verdict.

Secondly, unavoidable accident, as the Court attempted to explain to you during the course of his charge, would mean such an acident or rather injury arising from an accident which occurs notwithstanding the fact that there was no negligence on the part of either party. In other words, to be an unavoidable accident means that there was no negligence contributing to the injury on the part of either the plaintiff or the defendant and of course if that should be the finding of the jury, it deprives the plaintiff of the right to recover, because the law gives no recovery in the case of an unavoidable accident. It is one in which there was no negligence involved."

It will be noted that the Court below charged the jury upon the question of unavoidable accident, and after the jury had deliberated for sometime, in answer to a question, which the Court first answered in the negative, the Court below then proceeded to further charge and emphasize the matter of unavoidable accident, which had not been pleaded or made an issue in the pleadings.

While it is true that unavoidable accident may be charged in a proper case, but there are certain limitations and restrictions thrown about the trial Court before he can charge upon such matter. Our theory and idea of the rule of unavoidable accident is that the Court may charge upon the subject of unavoidable accident only when this matter is raised by the pleadings or the defense and the evidence in the trial clearly tends to show or infer that the accident which occurred was one which was clearly unavoidable. Whereas in the instant case the defendant charged in his answer the sole negligence of the plaintiff and the whole conduct of the defense was the negligence of the plaintiff, and where the evi-

dence in the case clearly shows negligence, there is no place in a Court's charge on the subject of unavoidable accident and the issue is solely one as to who was negligent and whose negligence was the proximate cause of the damages sustained.

The right of a Court to charge on unavoidable accident is not an unlimited right, which permits him to charge in every negligence case, but that right is limited and restricted by the allegations in the pleadings · and the evidence produced at the trial. This limitation is founded on logic, justice and law in this particular respect, that were there no restrictions placed upon the trial Court, he could arbitrarily charge upon every possible known defense, regardless of pleadings and evidence, and the minds of the jury would become so confused that the issues and the evidence in the case would be completely lost sight of and it would be an impossibility for one injured to recover.

We believe, also, that a charge on the subject of unavoidable accident should be used with great care and discretion, for the reason that in the minds of the lay jury, unfamiliar with the legal definition of unavoidable accident, and familiar only with the layman's theory of what accidents are, in the sense understood by the layman, it furnishes an easy way out for a jury to find for the defendant, in losing sight of the real issues of the case as to whether or not there has been negligence, and whether or not the negligence was the proximate cause of the damages sustained.

We are unable to conceive of a negligence case in which there might be the usual grounds of negligence alleged on behalf of the plaintiff and where there is a general denial and a further allegation of sole negligence on the part of the plaintiff, how it could be possible to have both contributory negligence and unavoidable accident in one and the same case. In other words, we are of the opinion that if the Court below was right in charging upon the matter of contributory negligence, then it was wrong and in error to charge upon the matter of unavoidable accident, and if, on the other hand, the Court was right in charging upon the matter of unavoidable accident, the Court then was wrong and in error in charging upon the subject of contributory negligence.

The other errors complained of by plaintiff in error we have carefully examined and find no merit in their contention, but for the reasons hereinbefore stated, upon the first ground of claimed error in the petition, to-wit: the trial Court erred in its charge to the jury, we find is well taken. It is therefore our opinion in this case that error has intervened and this cause is reversed and remanded to the lower Court for further proceedings according to law. Exceptions may be noted.

SHERICK, PJ and MONTGOMERY, J, concur.