Stephenson, J.
 

 The parties occupy the same rela
 
 *356
 
 tive positions here as in the courts below and they will be referred to as plaintiff and defendant, respectively.
 

 Plaintiff makes ten assignments of error in his petition in error, but seems to place reliance in but two of them in his brief. This court cannot search the record for error that is not in some wise adverted to in the brief of the complaining party, notwithstanding the assignments contained in the petition in error. Errors not treated in the brief will be regarded as having been abandoned by the party who gave them birth.
 

 Plaintiff devotes his brief to the following alleged grounds of error:
 

 First, that the answer of defendant was argumentative, and such argument should not have been read to the jury and included in the charge of the court; and especially should the contents of the answer not have been repeated.
 

 Counsel for defendant with much vehemence deny that the judge read the answer to the jury.
 

 This answer does violate some of the well-known rules of pleading. It is argumentative and redundant. Outside of the allegation of contributory negligence, there is nothing in the answer that could not have been shown under a general denial. Notwithstanding the prejudicial nature of this answer, counsel for plaintiff, for some reason best known to himself, was content, to use a popular expression, “to string along” with it, as he interposed no motion to it; and it is not until the trial judge parades the answer before the jury that he begins to appreciate its pristine ugliness.
 

 The record does not divulge whether the trial judge read from defendant’s answer or not. If he did not, he either incorporated the answer in a written charge, or gave it to the jury orally
 
 in hese verba.
 

 We do not concede that the failure of counsel to interpose a motion to an argumentative answer furnishes any license to the trial judge to glorify the contents of such answer in his general charge to the jury. This
 
 *357
 
 court has time and again frowned upon the practice of reading the pleadings in a case by way of a substitution for defining the issues. Unless the pleading is a model of clarity and conciseness, it is just as vicious to recite its contents as to read it. Pleadings, while required under the law to contain only plain, concise statements of fact, are in the main couched in the language of the law, a tongue unknown to the ordinary layman, and it is the duty of the trial judge to reduce the pleadings to their lowest terms, and to present to the jury understandable issues of fact, uninfluenced by the exurberance of the pleader.
 

 As counsel for plaintiffs in personal injury eases are, without warrant of fact in many instances, injecting the allegations of willfulness and wantonness into their petitions, so are counsel for defendants likewise! combining the defenses of contributory negligence, sole negligence, and unavoidable accident in their answers. The party who puts these issues into the case without factual support is usually furnishing the other party a club with which to beat him over the head. If this were the “head and front of the offending” it would not arouse comment; but these frivolous issues, and they are frivolous without factual support, furnish to the unsucessful party an invitation to prosecute error in cases that but for such fantasy would end in the trial court, where they should end.
 

 In his second assignment of error, plaintiff complains that the trial judge charged the jury on the defense of unavoidable accident, when no such plea was made and there was no testimony upon which to base such charge.
 

 The fact is that defendant denied specifically each and every allegation of negligence, contained in plaintiff’s petition, pleaded sole negligence of plaintiff, and contributory negligence; and the trial judge must have concluded that by the use of the following language he likewise made a plea of unavoidable accident, namely,
 
 *358
 
 plaintiff “recklessly, carelessly and negligently drove said automobile upon said defendant’s north bound main track immediately in front of and into collision with defendant’s said locomotive * *
 

 This averment in no wise pleads unavoidable accident. It is a good plea of sole negligence, or contributory negligence, as the case may be. It unequivocally charges the plaintiff with negligence. Bouvier defines “unavoidable accident” as an inevitable accident, which could not have been foreseen or prevented by using ordinary diligence, and resulting without fault. This definition was adopted from the ease of
 
 United States
 
 v.
 
 Kansas City Southern Ry. Co.
 
 (D. C.), 189 F., 471.
 

 “Inevitable accident” is defined by the same author as any accident which cannot be foreseen and prevented. This definition was adopted from
 
 Trent & Mersey Navigation Co.
 
 v.
 
 Wood,
 
 4 Doug., 287, 290, opinion by Lord Mansfield;
 
 McArthur & Hurlbert
 
 v.
 
 Sears,
 
 21 Wend. (N. Y.), 190, 198;
 
 Fish
 
 v.
 
 Chapman & Ross,
 
 2 Ga., 349, 46 Am. Dec., 393.
 

 There is a more succinct definition, namely: An unavoidable accident is such an occurrence or happening as, under all the attendant circumstances and conditions, could not have been foreseen or anticipated in the exercise of ordinary care as the proximate cause of injury by any of the parties concerned.
 

 Can there be an unavoidable accident when one of the parties is negligent? Most certainly not.
 

 Inevitable accident occurs “only when the disaster happens from natural causes, without negligence or fault on either side, and when both parties have endeavored, by every means in their power, with due care and caution, and with a proper display of nautical skill, to prevent the occurrence of the accident.”
 
 Sampson
 
 v.
 
 United States,
 
 12 Ct. Cl., 480, 491:
 
 Union Steamship Co.
 
 v.
 
 New York & Virginia Steamship Co.,
 
 65 U. S. (24 How.), 307, 16 L. Ed., 699.
 

 
 *359
 
 It will be noted that the cases cited above are maritime cases, but maritime law gets all its strength from the usages and customs of nations, and it is only operative in any country in so far as it is adopted by the laws and usages of such country. It has no inherent force of its own.
 
 The Lottawanna,
 
 88 U. S. (21 Wall.), 558, 22 L. Ed., 654.
 

 A few examples of unavoidable accident may be apropos:
 

 A rat made a hole in a box where water was collected in an upper room, so that the water trickled out and flowed on plaintiff’s goods in a lower room.
 
 Carstairs
 
 v.
 
 Taylor,
 
 L. R., 6 Ex., 217.
 

 Pipes were laid with plugs properly made to prevent bursting, and a severe frost prevented the plugs from acting and the pipes burst and flooded the plaintiff’s cellar.
 
 Blyth v. Birmingham Waterworks Co.,
 
 11 Ex., 781.
 

 A horse took fright without any default in the driver or any known propensity in the animal, collided with and injured plaintiff.
 
 Aston
 
 v.
 
 Heaven,
 
 2 Esp., 533.
 

 A horse traveling on the highway became suddenly frightened at smell of blood, ran away, and injured plaintiff.
 
 Jackson
 
 v.
 
 Town of Bellevieu,
 
 30 Wis., 250, 257.
 

 A horse becomes suddenly frightened at a passing vehicle, becomes unmanageable, runs away, and injures plaintiff’s horse.
 
 Wakeman
 
 v.
 
 Robinson,
 
 1 Bing., 213.
 

 A milldam, properly built, was swept away by a freshet of unprecedented violence.
 
 Livingston
 
 v.
 
 Adams,
 
 8 Cow. (N. Y.), 175.
 

 Under this state of the law, how must the pleader invoke the defense of unavoidable accident? Simple enough. He must admit the accident in question, and aver that plaintiff was not negligent in any respect, and that he (defendant) was not negligent in any respect.
 

 Suffice it to say that no such defense was made in the case now before the court, and it is doubtful
 
 *360
 
 whether the language of the trial court can be construed as injecting the issue of unavoidable accident into the case. He did use the following language: ‘
 
 ‘
 
 The mere fact that an accident occurred in which plaintiff was injured does not give him the right to recover as sometimes accidents happen without the fault of any one and are unavoidable. In such cases the party injured has no recourse and there can be no recovery. In this case, unless defendant was negligent and such negligence directly caused plaintiff’s injuries, plaintiff cannot recover.”
 

 The language used in this paragraph of the charge with reference to unavoidable accident was most unhappy, but was it not a mere statement of an abstract proposition of law?
 

 Special instructions are universally refused when stated in the abstract, and the trial judge has no right to take more liberties in his general charge than he grants to counsel when special instructions are requested.
 

 Taking the charge of the court as a whole, it would seem that the trial judge was endeavoring to impress some law upon the jury to the effect that negligence is a fact, and like any other fact must be proven and cannot be presumed. However, this is a mere divination.
 

 Giving due consideration to all the facts in this case and to the charge of the trial judge as an entirety, was this particular part of the charge prejudicial?
 

 While the general propositions of law involved in this case are practically “on all fours” with the general propositions of law involved in the case of
 
 Williams, a Minor,
 
 v.
 
 Burrell,
 
 43 Ohio App., 341, 182 N. E., 889, being the case with which this case is certified as being in conflict, the facts are not at all similar.
 

 In the case of
 
 Williams
 
 v.
 
 Burrell, supra,
 
 there was no issue of unavoidable accident made by the pleadings. The plaintiff alleged negligence on the part of defendant. Defendant denied he was negligent and
 
 *361
 
 alleged that whatever damage plaintiff suffered was the result of his sole negligence. The trial judge felt that from the testimony the defendant was entitled to have the jury instructed on the issue of contributory negligence, and he so instructed it. After this, for some reason not developed by the record, he proceeded to instruct the jury at length on the law of unavoidable accident. The jury retired, and after deliberating for some time, the members of the jury through their foreman addressed the following inquiry to the court: “Can we send in a verdict of unavoidable accident, and can the child receive compensation if this verdict is given by the jury?”
 

 This question was answered in the negative by the trial judge, and he proceeded again to charge on the issue of unavoidable accident. There could be no question that the jury was influenced by the charge of the judge on the issue of unavoidable accident, which was not in the case.
 

 A verdict was returned in favor of the defendant, judgment entered accordingly, and the case was carried to the Court of Appeals of Stark county on error, which court properly reversed the judgment of the court of common pleas and remanded the case for trial on the sole ground that the court erred in charging on the issue of unavoidable accident when such issue was not in the case.
 

 In its judgment of reversal, the Court of Appeals of Stark county announced the following propositions of law:
 

 “1. Court may charge upon unavoidable accident only when pleadings or defense and evidence raise issue.
 

 “2. When defendant pleaded plaintiff’s sole negligence, and evidence followed pleadings, charging on both contributory negligence and unavoidable accident
 
 held
 
 reversible error.
 

 “3. When petition alleges usual grounds of negli
 
 *362
 
 gence and defendant enters general denial and pleads plaintiff’s sole negligence, charges on contributory negligence and unavoidable accident cannot both be proper.”
 

 We see no error of law involved in the case of
 
 Williams
 
 v.
 
 Burrell.
 

 It may be claimed that the ruling in this case is not in line with the decision of this court in the case of
 
 Davison
 
 v.
 
 Flowers,
 
 123 Ohio St., 89, 174 N. E., 137. The decision in this case does not in any wise disturb the law as laid down in
 
 Davison
 
 v.
 
 Flowers.
 

 In that case the term “unavoidable accident” was not used. And, had it been used, the court would have been warranted in the use of the word “accidental”, as.the defendant did plead specifically that “the shotgun was accidentally discharged”, and the averment was denied. He could have ignored the use of the word “unavoidable”, as the specific averments of the answer did not warrant its use. He could have shown an accidental discharge of the shotgun under a general denial, but he saw fit to make a special plea of it and thereby emphasize it.
 

 While it is not good pleading to dignify matter in an answer which may be shown under a general denial, it simply amounts to pleading evidence, and is a redundancy, which, if not objected to by motion, is waived.
 

 Most torts are accidental in that they are unintentional on the part of the individual causing the injury, but the mere fact that the injury was unintentional does not mean that there was no negligence.
 

 The word “accidental” when standing alone means but little in the law of negligence, but when it qualifies the discharge of a shotgun it may mean a great deal, as it is a matter of common knowledge that shotguns are sometimes discharged and no one can explain why they were discharged.
 

 This matter has been gone into at length for the
 
 *363
 
 purpose of showing that the word “accidental” has little or no place in the pleadings in negligence cases,. and that the plea of “unavoidable accident” should, never be made unless the case comes within the purview of the case of
 
 City of Piqua
 
 v.
 
 Morris,
 
 98 Ohio St., 42, 120 N. E., 300, 7 A. L. R., 129.
 

 Coming back to the case now before us, which we must review and finally determine, we are not astonished when we read the entire record to find that the Court of Appeals in this case did not follow the case of
 
 Williams
 
 v.
 
 Burrell,
 
 as it is evident that the facts are not the same.
 

 The Court of Appeals herein held in substance, as we take it, that following the two-issue rule as announced in
 
 Sites
 
 v.
 
 Haverstich,
 
 substantial justice had been done in this case; and we quite agree with this holding, in the face of the record. The following is the testimony of plaintiff, as appears from the record:
 

 “Q. So that when you stopped ten or twelve feet from the track to wait for this train to go south, then when you started to go this ten or twelve feet up on the track did you look to the south? A. No, sir.
 

 “Q. There was a track between you and the track on which the train had gone south, wasn’t there, — the first track next to you? A. Yes.
 

 ‘ ‘ Q. The second track was the one the train had gone south on, wasn’t it? A. Yes.
 

 “Q. And when you started your car and drove up this ten or twelve feet onto this track, you never looked again to the south? A. Not after I stopped I didn’t.
 

 “Q. I mean after you started either? A. No, sir.
 

 “Q. Now, did you hear any train coming from the south? A. No, I couldn’t hear any train coming.
 

 “Q. Did you hear any whistle of the train? A. No, sir.
 

 “Q. From the south? A. No, sir.
 

 “Q. Did you hear any bell from the south? A. No, sir.
 

 
 *364
 
 ‘ ‘ Q. Did you see any headlight on a train from the south? A. No, sir.
 

 “Q. Did you listen for a train? A. No, sir.
 

 “Q. Did you look for a train? A. No, sir.
 

 ‘ ‘ Q. And if you had looked, or had listened, and there had been a train there, could you have seen it? A. Well, I don’t know.
 

 “Q. Is your eye sight good? A. Yes, sir.
 

 “Q. Is your hearing good? A. Yes, sir.
 

 “Q. Can you think of any reason why you couldn’t have seen the train if there was one there, if you had looked? A. No, I wouldn’t know.
 

 “Q. There is no reason, is there? A. No, I can’t say there is any special reason.
 

 “Q. The reason you didn’t see it, Mr. Uncapher, is because you didn’t look? A. I might have seen it if I had known it was there and looked closer.
 

 “Q. Well, it is a fact, isn’t it, that the train was there? A. It must have been.”
 

 In the face of all these admissions by plaintiff, he had no right to expect to recover in his first trial. He is on record now, and how can he expect to recover in a subsequent trial? He exercised very little, if any, care for his own safety at a time when the same should have been exercised, and from this record the jury could well have found his injuries to have been proximately caused by his sole negligence, and, if not oh this issue, that he was a generous contributor to his own injury. True, plaintiff stopped his automobile about twelve feet from the first main track and waited until the passenger train passed going south; but when he started his automobile to pass over this crossing, over which five railroad tracks were constructed, and of which tracks the two eastern tracks were main tracks, a crossing to which he was not a stranger, he did not look to the south where he had an unobstructed view, nor did he listen. The fact that he may have looked to the south and listened, when he stopped his car in the first in
 
 *365
 
 stance, did not excuse him from looking and listening before he ventured upon the tracks of the railroad company, as quite an interval of time had passed between his stopping and starting. He was required to look and listen when and where such looking and listening would avail him such information as would inure to his safety.
 

 We find that there was error in the charge because of its prolixity and repetitious character. That the trial court committed error in charging on the issue of unavoidable accident when such issue was not in the case. That the trial court erred in giving to the jury special instruction No. 1, not that the charge was not germane, but that it was incomplete in that it omitted the element of proximate cause.
 

 Notwithstanding the error found in this case, the judgment of the Court of Appeals could have been none other than it was, as plaintiff completely forestalled himself by his own testimony.
 

 Having carefully reviewed both cases alleged to be in conflict, and coming now to the determination of the case before us, it is adjudged that the action of plaintiff in error be dismissed and that defendant in error go hence and recover its costs.
 

 Judgment affirmed.
 

 Weygandt, C. J., Allen, Jones, Matthias, Bevis and Zimmerman, JJ., concur.