EATON, APPELLANT, *v.* ASKINS, APPELLEE.

(No. 4852—Decided March 2, 1953.)

*Messrs. Herbert & Dombey* and *Mr. Joseph E. Bowman,* for appellant.
*Messrs. Ballard, Dresbach, Crabbe & Newlon* and *Mr. Lloyd E. Bilger,* for appellee.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Court of. Common Pleas of Franklin County entered on a verdict in favor of the defendant.

Plaintiff, a pedestrian, appellant here, while crossing a street at a street intersection came into contact with an automobile driven by the defendant and was injured.

The first error assigned is that the court charged the jury on "pure accident" and on negligence and

contributory negligence. The language of the court cannot be considered a full charge on unavoidable accident, as claimed by the plaintiff, although the court did state that if the jury found that the injuries of the plaintiff were due to a "pure accident" he could not recover. The defendant did not plead unavoidable accident as a defense. The plaintiff charged the defendant with negligence in driving with defective brakes: The defendant testified that immediately before the accident the brakes operated perfectly. The evidence of the plaintiff shows that after the accident there was no tension in the foot brakes as a result of a blown cylinder on the left rear wheel, which permitted the fluid to leak out. The defendant testified that after the impact he stopped the automobile within a few feet in the intersection, and later drove the car through the intersection and parked it about one car length from the intersection. The evidence presented by the plaintiff is to the effect that after the impact the defendant's car moved approximately 60 feet before it came to a stop. It is contended on behalf of the defendant that in view of this evidence a charge such as was given was proper, and in all events could not be considered to be prejudicial error.

The law is well established that to charge at the same time on unavoidable accident and on negligence and contributory negligence constitutes error. *Uncapher* v. *Baltimore & Ohio Rd. Co.*, 127 Ohio St., 351, 188 N. E., 553; *Williams, a Minor,* v. *Burrell,* 43 Ohio App., 341, 182 N. E., 889.

In the case at bar, the defendant in his answer admitted certain allegations in the petition and then interposed a general denial. The issue of contributory negligence was raised by the evidence. In our opinion the issues thus made bring the case within the rule announced in the *Uncapher* and *Williams cases.* The question for this court to determine is whether the

error committed was prejudicial. In passing on the motion for new trial, the trial judge, in discussing this matter, stated that he referred to "pure accident" only to point up the duty of the plaintiff affirmatively to prove negligence. This particular point was not emphasized in the charge. No undue prominence was given to it. In this respect there is a distinction between the case at bar and the *Williams case* wherein the court gave a complete charge on unavoidable accident and then emphasized it again in a supplemental charge upon request by the jury. When the charge here is considered in its entirety, we are of the opinion that the jury was not misled and that prejudicial error was not committed. We are supported in this conclusion by the language of the Supreme Court in the *Uncapher case*, beginning at the bottom of page 359:

"* * * it is doubtful whether the language of the trial court can be construed as injecting the issue of unavoidable accident into the case. * * *

"The language used in this paragraph of the charge with reference to unavoidable accident was most unhappy, but was it not a mere statement of an abstract proposition of law?

"* * *

"Taking the charge of the court as a whole, it would seem that the trial judge was endeavoring to impress some law upon the jury to the effect that negligence is a fact, and like any other fact must be proven and cannot be presumed. However, this is a mere divination.

"Giving due consideration to all the facts in this case and to the charge of the trial judge as an entirety, was this particular part of the charge prejudicial?"

After reviewing the testimony bearing on the negligence of the plaintiff, the court concluded that no prejudicial error had intervened.

In view of the evidence presented, the court did not err in charging on the duties and rights of a pedestrian and a driver of a motor vehicle, where the pedestrian was crossing a street at a place other than the crosswalk. The language of the court of which complaint is made in the third assignment of error was improper, but in our opinion was not prejudicial when the charge is considered in its entirety. We do not believe the jury was misled thereby.

We do not find the fourth assignment of error well made.

Plaintiff contends in his fifth assignment of error that the court erred in giving defendant's special instruction No. 1, which is as follows:

"I charge you, that if you find that the plaintiff, Clinton Eaton, as he was proceeding across Mount Vernon avenue, did not use his senses of sight and hearing, or such care for his own safety as a reasonably prudent person would have done under the same or similar circumstances, then the plaintiff, Clinton Eaton, was negligent, and if you further find that the plaintiff's own negligence directly caused or contributed *in the slightest degree* to cause the injuries and damages complained of, your verdict must be for the defendant." (Emphasis ours.)

It is contended that the use of the words, "in the slightest degree," invokes the scintilla rule which was abandoned in the case of *Hamden Lodge* v. *Ohio Fuel Gas. Co.,* 127 Ohio St., 469, 189 N. E., 246. In that case the "reasonable minds rule" was applied to test the sufficiency of the evidence on a motion for a directed verdict against the plaintiff. The plaintiff here contends that the same rule should be applied to test the proof of contributory negligence. Since the decision in the *Hamden Lodge case,* our Supreme Court has seen fit to approve the language used in special instruction No. 1.

In *Chesrown* v. *Bevier,* 101 Ohio St., 282, 128 N. E., 94, the court on page 284 said:

"That special charge II is a correct statement of the law must be conceded, although we prefer the word 'any' to the words 'the slightest,' and since there was evidence tending to prove that the negligence of the plaintiff below directly contributed to his injury it was error to refuse to give it to the jury."

In *Bartson* v. *Craig, an Infant,* 121 Ohio St., 371, 169 N. E., 291, the court approved a charge as follows:

"If you find from the evidence that the plaintiff's own negligence directly caused or contributed in the slightest degree to cause the injuries complained of, then your verdict must be for the defendant."

In *Bradley, an Infant,* v. *Mansfield Rapid Transit, Inc.,* 154 Ohio St., 154, 167, 169, 93 N. E. (2d), 672, the court approved a similar instruction. See, also, *Stout* v. *Wagner,* 87 Ohio App., 473, 83 N. E. (2d), 231, where this court approved an instruction given so far as material in identical language. The court did not commit error in giving special instruction No. 1.

The case was properly and ably tried. It is unfortunate that words were used in the charge which gave rise to the errors assigned. To justify a reversal, it is not sufficient to show that it was possible the jury may have been misled, but rather it must be shown that the jury was probabily misled in a matter materially affecting the complaining party's substantial rights. *Ohio Farmers Ins. Co.* v. *Cochran,* 104 Ohio St., 427, 135 N. E., 537.

Upon the whole record, we do not find error materially affecting the substantial rights of the plaintiff. In our opinion substantial justice has been done.

*Judgment affirmed.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.