Plaintiff-appellant, F. Donald Bush, appeals from a judgment of the Franklin County Common Pleas Court granting summary judgment to defendants-appellees, Dictaphone Corporation ("Dictaphone") and Lew Agin.
The rather convoluted history of this case is relevant to the issues presented in plaintiff's appeal. The underlying facts, as presented in the motions in the trial court, all stem from the plaintiff's employment relationship with Dictaphone. Plaintiff began working at Dictaphone in 1976. Three years later he was promoted to regional sales manager, a position later renamed Region Vice-President. During the 1980's, the company positively evaluated his performance and gave him positive work reviews.
Plaintiff's good relationship with Dictaphone apparently began to change in 1992 when plaintiff began reporting to a different vice-president of sales, who early in that year became dissatisfied with plaintiff's work performance and overall conduct, citing two instances in particular. Plaintiff was counseled and given an opportunity to change his behavior. Dictaphone asserts he failed to do so, and as a result plaintiff was demoted ten months later.
In early 1994, Dictaphone began receiving complaints from fellow workers who were afraid that plaintiff might become violent. As a result, plaintiff was required to see a psychologist and a psychiatrist. Acting on the doctors' evaluations and a company recommendation, Dictaphone discharged plaintiff in June of 1994. On August 24, 1994, plaintiff filed a charge with the Ohio Civil Rights Commission alleging Dictaphone discriminated against him on the basis of sex, age, and disability, and that he was fired in retaliation for filing other charges.
On March 6, 1995, plaintiff filed suit in the Franklin County Common Pleas Court against, among others, Dictaphone. The complaint alleged a variety of state claims, including breach of implied and/or express contracts, promissory estoppel, fraud, invasion of privacy, and infliction of emotional distress. Pursuant to Section 1441, Title 28, U.S. Code, plaintiff's action was removed to the United States District Court for the Southern District of Ohio and was consolidated with two other cases plaintiff had previously filed in the district court concerning his employment relationship with Dictaphone. Plaintiff's consolidated cases contained not only the above-mentioned state claims, but three federal claims: age discrimination, sex discrimination, and retaliation. The district court retained jurisdiction over plaintiff's state claims, exercising its supplemental jurisdiction as articulated in United Mine Workers v. Gibbs (1966), 383 U.S. 715.
On July 9, 1997, the district court granted summary judgment on all of plaintiff's federal and state claims presented. In the same opinion, the district court also denied plaintiff's motion for leave to amend his complaint to add a state claim of disability discrimination. In denying the motion, the district court noted that:
 "If the Court were to grant plaintiff's motion to amend, only state claims would be outstanding. 'Certainly, if the federal claims are dismissed before trial * * * the state claims should be dismissed as well.' United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Accordingly, plaintiff's motion for leave to file a second amended complaint is DENIED."
The district court's decision granting summary judgment was affirmed on appeal. Bush v. Dictaphone Corp. (C.A.6, 1998),161 F.3d 363. Bush did not appeal the district court's denial of his motion for leave to amend his complaint.
In the meantime, plaintiff on April 24, 1997, initiated the present action in the Franklin County Common Pleas Court, alleging state claims of disability discrimination, retaliation, promissory estoppel, spoliation of evidence, and invasion of privacy. After the district court granted summary judgment in the federal case, defendants moved for summary judgment in the state action based on res judicata. The trial court granted defendant's motion, dismissing all of plaintiff's claims against defendants. Specifically, the trial court found that the district court had dismissed plaintiff's claims of retaliation, promissory estoppel and invasion of privacy on their merits, and res judicata thus would bar the relitigation of those claims. The trial court further concluded that the denial of plaintiff's motion for leave to file an amended complaint in the federal court constituted a judgment on the merits on plaintiff's disability discrimination claim, and resjudicata also barred that claim. While never specifically addressing the spoliation of evidence claim, the trial court apparently found the claim also to be barred due to resjudicata, in that it was a claim not brought in plaintiff's initial federal action but could have been. NationalAmusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62, quoting Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69.
Plaintiff appeals, assigning the following error:
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST PLAINTIFF."
Because plaintiff has not addressed any claims but his disability discrimination claim, this decision is restricted to whether the trial court properly granted summary judgment on that claim. App. R. 12(A); Hawley v. Ritley (1988), 35 Ohio St.3d 157,159, quoting Uncapher v. Baltimore Ohio Rd. Co.
(1933), 127 Ohio St. 351, 356. Plaintiff's assignment of error contends the trial court wrongly applied the doctrine of resjudicata to plaintiff's disability discrimination claim because the district court's denial of plaintiff's motion for leave to amend his complaint does not constitute a judgment on the merits under the principles of res judicata.
"The underlying policy of res judicata is to ensure the finality of judicial decisions. The doctrine increases certainty, discourages multiple litigation and conserves judicial resources." City of Painesville v. First Montauk Fin.Corp. (N.D. Oh. 1998), 178 F.R.D. 180, 184. "[I]t has long been recognized that the doctrine of res judicata applies in a proper case as between federal court and state court judgments." Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69.
Moreover, the doctrine of res judicata bars not only subsequent actions that involve "the same legal theory of recovery as a previous action," Grava v. Parkman Twp. (1995),73 Ohio St.3d 379, 381, but also claims that were not litigated in the prior action but that could have been. NationalAmusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62
(finding that "[i]t has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or mighthave been litigated in a first lawsuit' "). (Emphasis added.)
Whether we apply federal or state principles of res judicata
to plaintiff's claim, the issue before us resolves to whether the decision of the district court denying plaintiff's motion to amend his complaint to include a state disability discrimination claim was a final decision on the merits so as to bar the litigation of the claim in this action. See Grava,supra, (holding that "final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them"). Wilkins v. Jakeway (S.D.Oh., 1998), 993 F. Supp. 635, 645 (holding that a claim will be barred by prior litigation if all of the following four elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which should have been litigated in the prior action; and (4) an identity of the causes of action).
Within that framework plaintiff asserts that in denying his motion the federal district court simply refused to exercise discretionary supplemental jurisdiction over his state claim and did not render a judgment on the merits of the claim. Defendants acknowledge that if the federal district court's decision was based on a refusal to exercise supplemental jurisdiction over the state claim after the dismissal of the federal claim, its decision is not on the merits and is notres judicata. See City of Painesville, supra, at 184-185. Instead, defendants contend the denial of plaintiff's motion for leave to amend a complaint is a final judgment on the merits as to any claim that was sought to be pled in the amended complaint.
In support of his argument, plaintiff cites two cases which he contends compel reversal of the trial court's decision:Deryck v. Akron City School Dist. (Aug. 17, 1988), Summit App. No. 13442, unreported, and Plazzo v. Nationwide Ins. Co. (Feb. 14, 1996), Summit App. No. 17022, unreported. In Deryck, the plaintiff there filed a complaint in federal district court alleging both federal and state claims. The federal claims were dismissed before trial, and the district court dismissed the pendent state claims. Plaintiff then filed a complaint in the Summit County Common Pleas Court alleging the state claims that the district court had dismissed. Although the trial court dismissed the state claims on res judicata grounds, the appeals court reversed, finding that "[w]hen no federal jurisdiction remained, the federal claims having been decided, the court was correct in not considering the remaining state claims. Under these circumstances, it would work an injustice on the [plaintiff] to bar the state claim in state court." Id.
In Plazzo, the plaintiff there filed an action in federal district court, but alleged no state claims in that action. After an adverse decision in the federal appeals court, plaintiff attempted to litigate in the Summit County Common Pleas Court state claims that he did not raise in the federal action. The trial court dismissed the action, and the appellate court affirmed, finding the state claims barred by resjudicata. In distinguishing Deryck, the appeals court noted that "[i]n Deryck, the plaintiff attempted to litigate his state law claim in his federal action. The district court granted the defendant summary judgment on the plaintiff's federal claims and refused to exercise pendent jurisdiction over the plaintiff's state law claim. * * * In this case, however, plaintiff failed to attempt to bring his state law breach of contract claim in his 1987 federal lawsuit." The appeals court concluded that because Plazzo had failed to assert the state claims in the federal action, he was barred from asserting those claims in a subsequent state action.
Neither case is controlling factually. In Deryck, the pendent state claims that were dismissed were actually pending before the court when the federal claims were dismissed. By contrast, plaintiff here did not have his disability discrimination state claim pending before the court when his other claims were dismissed, but instead, after Dictaphone filed its summary judgment motion, plaintiff filed a motion to amend his complaint to add the state claim. While the plaintiff in Plazzo
made no attempt to litigate his state claims with the federal claims, plaintiff here made some attempt to litigate his disability discrimination state claim; his motion to amend his complaint, however, was denied.
Plaintiff's case, then, presents a difficult issue. While styled as a motion to amend, the district court's decision denying the motion for jurisdictional grounds sounds more likeDeryck. Plaintiff's motion, however, is titled a motion to amend, and decisions on motions to amend typically are resjudicata to further action on the claims sought to be included in the amended pleading. Resolution of the issue ultimately turns on the language which the district court used in denying plaintiff's motion.
Specifically, the federal district court did not find that plaintiff's motion was untimely. Rather, the federal district court determined that because all federal claims had been disposed of, it would not exercise its supplemental jurisdiction. While we might speculate that the federal district court's rationale included the lateness of plaintiff's motion to amend, that court did not deny the motion because it was so late in the proceedings as to prejudice defendants in that action. Instead, the only reason the federal district court cites is the inappropriate exercise of pendent jurisdiction when all federal claims have been resolved. Because the case was denied for jurisdictional reasons, it does not fall within the umbrella of cases finding a denied motion to amend bars subsequent litigation on the claims to have been included in the amended pleading. See City of Painesville,supra.
Defendants nonetheless assert that because the federal district court did not allow plaintiff to amend his complaint, it never reached the point of determining, as inDeryck, whether to exercise supplemental jurisdiction over the pendent state claims. Defendants' argument, however, suggests the district court should have granted the motion, only to dismiss the claims on the premise that exercise of its supplemental jurisdiction was inappropriate in the absence of federal claims. Defendants' contentions suggest that we raise form over substance. In essence, the federal district court accomplished the same end without engaging in the futile act of granting the motion to amend.
Defendants also suggest that plaintiff's failure to appeal the denial of its motion to amend precludes litigation of the claimant's state court claims. A properly denied motion to amend has a preclusive effect under the principles of resjudicata. A plaintiff will be bound by that preclusive effect unless the denial is reversed on appeal. By contrast, decisions premised on a refusal to exercise supplemental jurisdiction do not have a preclusive effect. See City of Painesville, supra.
Because the federal district court's decision here did not have a preclusive effect, plaintiff was not obligated to appeal that decision in order to avoid the principles of res judicata.
In the final analysis, we are compelled to accept the federal district court's decision on its face: a dismissal on jurisdictional grounds. Under the well-established authority finding that a dismissal premised on a decision not to exercise supplemental jurisdiction does not constitute a final judgment on the merits so as to invoke the principles of res judicata,
we similarly find that the federal district court's decision here did not reach a final decision on the merits.
Given the foregoing, we sustain plaintiff's single assignment of error, reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
BRYANT and KENNEDY, J.J., concur.
LAZARUS, P.J., dissents.