OPINION
{¶ 1} Appellant Lee A. Kral, appeals the sentence imposed by the Ashland County Court of Common Pleas. The appellee is the State of Ohio.
 {¶ 2} On October 30, 2004 the defendant-appellant Lee A. Kral and two other individuals robbed an individual at knife point at an Automatic Teller Machine [ATM]. (T. at 4).
 {¶ 3} On December 15, 2004 the Ashland County Grand Jury indicted appellant on one count of Complicity to Aggravated Robbery in violation of R.C. 2923.03(A) (2) and R.C. 2911.01(A) (1) a felony of the first degree and two counts of Complicity to Theft in violation of R.C. 2923.03(A) (2) and R.C. 2913.02(A) (1) felonies of the fifth degree.
 {¶ 4} On January 6, 2005 appellant entered a guilty plea to one count of Robbery a felony of the third degree in violation of R.C. 2911.02(A)(3). The trial court deferred sentencing and ordered a pre-sentence investigation report.
 {¶ 5} On May 23, 2005 the court conducted a sentencing hearing wherein the court sentenced appellant to a non-maximum term of four years in prison, restitution, a $1,000.00 fine and court costs.
 {¶ 6} Appellant timely appealed and has raised the following assignment of error for our consideration:
 {¶ 7} "I. THE IMPOSITION OF A PRISON SENTENCE LONGER THAT THE MINIMUM SENTENCE IS UNCONSTITUTIONAL IN THIS CASE."
 I. {¶ 8} In his sole assignment of error, appellant contends the trial court erred in sentencing him to more than a minimum prison term based upon facts not found by the jury or admitted by appellant, in contravention of Blakely v. Washington (2004),542 U.S. 296, 159, L.E.2d 403, 124 SCt. 2531. We disagree.
 {¶ 9} In Blakely, the United States Supreme Court held: "Our precedents make clear, however, that the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. See Ring, supra, at 602,122 S.Ct. 2428, ("`the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" (quoting Apprendi, supra, at 483, 120 S.Ct. 2348); Harris v.United States, 536 U.S. 545, 563, 122 S.Ct. 2406,153 L.Ed.2d 524 (2002) (plurality opinion) (same); cf. Apprendi, supra, at 488, 120 S.Ct. 2348, (facts admitted by the defendant). In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts `which the law makes essential to the punishment,' Bishop, supra, 87, at 55, and the judge exceeds his proper authority." Id. at 2537 (Emphasis in original).
 {¶ 10} In Blakely, the petitioner pled guilty to kidnapping his estranged wife. Under the facts admitted during his plea, the petitioner was subject to a maximum sentence of 53 months imprisonment. At sentencing, however, "the trial judge imposed a 90-month sentence after finding that petitioner had acted with deliberate cruelty, a statutorily enumerated ground for departing from the standard range." Id. at 2533. The United States Supreme Court determined the State of Washington's sentencing scheme violated the petitioner's Sixth Amendment right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence.
 {¶ 11} This court has previously held a jury is not required to find the factors set forth in R.C. 2929.13(B)(2) or R.C.2929.14(B) before a judge may impose a prison sentence for the conviction of a third, fourth or fifth degree felony. State v.Iddings (Nov. 8, 2004), Delaware App. No. 2004-CAA-06043, Statev. Hughett (Nov. 18, 2004), Delaware App. No. 2004-CAA-06051,2004-Ohio-6207; State v. O'Conner (Dec. 3, 2004), Delaware App. No. 2004-CAA-028, 2004-Ohio-6752.
 {¶ 12} We are not disposed to review the statutory requirements the appellant's sentence implicates to determine whether they were satisfied, absent some specific contention in that regard in appellant's brief, reasons in support of the contentions, and citations to "the authorities, statutes, and parts of the record on which appellant relies." App.R.16 (A) (7). None is presented here.
 {¶ 13} According to App. R. 12(A) (2): "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A)."
 {¶ 14} An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. Hawley v. Ritley
(1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392-393. "Errors not treated in the brief will be regarded as having been abandoned by the party who gave them birth." Uncapher v.Baltimore Ohio Rd. Co. (1933), 127 Ohio St. 351, 356,188 N.E. 553, 555.
 {¶ 15} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 16} For the foregoing reasons, the judgment of the Ashland County Court of Common Pleas, Ohio, is affirmed.
Gwin, J., Wise, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas, Ohio, is affirmed. Costs to appellant.