[Cite as *State v. Hurst*, 2014-Ohio-481.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 13 CA 64 |
| MARK EDWARD HURST | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No.  07 CR 527


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     February 11, 2013


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KENNETH W. OSWALT                    MARK E. HURST
PROSECUTING ATTORNEY                    PRO SE
20 South Second Street, Fourth Floor     19 East Street
Newark, Ohio  43055                    Newark, Ohio  43055

*Wise, J.*

**{¶1}** Defendant-appellant, Mark E. Hurst, appeals the Licking County Court of Common Pleas, July 9, 2013, denial of his Motion to Vacate/or Void Original and Successive "Final Judgment Entries" for "Plain Error" of "Allied Offenses", Motion to Decrease and/or Void "Post Release Control", Motion for New Sentencing Hearing and Motion to Appoint Counsel.

**{¶2}** Appellee is the State of Ohio.

### STATEMENT OF THE CASE AND FACTS

**{¶3}** On August 6, 2008, following a trial by jury, Appellant was found guilty of one count of Pandering Obscenity Involving a Minor, a felony of the fourth degree, in violation of R.C. §2907.321(A)(5); one count of Pandering Sexually Oriented Matter Involving a Minor, a felony of the fourth degree, in violation of R.C. §2907.322(A)(5); and one count of Illegal Use of a Minor In Nudity Oriented Material or Performance, a felony of the fifth degree in violation of R.C. §2907.323(A)(3). The offenses were alleged to have taken place in March and April 2007.

**{¶4}** The trial court sentenced Appellant to 15 months on the charge of Pandering Obscenity Involving a Minor; 15 months on the charge of Pandering Sexually Oriented Matter Involving a Minor and 9 months on the charge of Illegal Use of a Minor in Nudity Oriented Material or Performance, with all three sentences running consecutive for an aggregate sentence of 39 months. Appellant was also classified as a Tier 1 Sexual Offender under Ohio's Sex Offender Registration and Notification Law (SORN Law). The Tier I classification was based on the 2008 amendments to the SORN Law, commonly referred to as the Adam Walsh Act (AWA) or Senate Bill 10.

{¶5} Appellant appealed to this Court, which affirmed his sentence and conviction by Opinion and Judgment Entry dated March 6, 2009. *See*, *State v. Hurst,* 2009-0hio-0938 (Licking App. No. 08-CA-0104, 5th Dist.) (*Hurst I*).

{¶6} Appellant served his full term, and was released under the supervision of the Adult Parole Authority in November of 2011.

{¶7} In response to the Ohio Supreme Court holding in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, on February 10, 2012, the State moved the trial court to vacate Appellant's Tier I classification and to reclassify Appellant a "sexually oriented offender," under the law in effect prior to S.B. 10, commonly known as Megan's Law or S.B. 5. The trial court granted the motion without a hearing, via Judgment Entry of February 29, 2012.

{¶8} Appellant again appealed to this Court. During that appeal, this Court set aside the "sexually-oriented offender" without the need to remand the matter to the trial court and instead ordered: "Based upon the above, we find only that portion of Appellant's sentence classifying him a sexually oriented offender is void. As a result, this Court vacates the illegal portion of Appellant's sentence. Appellant's sentencing entry is affirmed in all other respects, excepting his classification as a sexually oriented offender, which is hereby vacated. The judgment of the Licking County Court of Common Pleas is affirmed in part, vacated in part and final judgment entered." *See*, *State v. Hurst,* 2012-0hio-6075 (Licking App. No. 12-CA-20, 5th Dist.) (*Hurst II*)

{¶9} On April 26, 2013, Appellant filed the following motions: (1) Motion to Appoint Counsel; (2) Motion to Vacate and/or Void Original and Successive "Final

Judgment Entries" For "Plain Error" of "Allied Offenses"; (3) Motion to Decrease and/or Void "Post Release Control; and, (4) Motion for a New "Sentencing Hearing".

{¶10} The trial court denied these motions in a July 9, 2013 Judgment Entry

{¶11} Appellant now appeals, assigning the following errors for review:

ASSIGNMENTS OF ERROR

{¶12} "I. THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT WAS UNTIMELY IN FILING HIS POST-CONVICTION RELIEF AND BARRED BY THE DOCTRINE OF RES JUDICATA.

{¶13} II. THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHT TO ARTICLE XIV OF THE UNITED STATES CONSTITUTION, "EQUAL PROTECTION"

{¶14} III. THE TRIAL COURT ABUSED THEIR DISCRETION WHEN THEY DENIED APPELLANT'S CHALLENGE OF THE SENTENCES FOR CRIMES OF "SIMILAR IMPORT", FOR REASONS OF TIME-BARRED AND RES JUDICATA.

{¶15} IV. TRIAL COURT ABUSED THEIR DISCRETION WHEN THEY DID NOT ADDRESS THE ISSUE OF THE ILLEGAL DENIAL OF SENTENCING HEARING DEMANDED BY O.R.C. §2929.19, THAT APPELLANT WAS DENIED AFTER TRIAL.

I., III.

{¶16} In his First and Third Assignments of Error, Appellant argues that the trial court erred in denying his motion for post-conviction relief. We disagree.

{¶17} While Appellant assigns error to the trial court's determination that his post-conviction relief motion was untimely, we find Appellant has wholly failed to provide any explanation concerning the legal reasons in support of this argument.

{¶18} App.R.16 (A)(7) provides:

**{¶19}** "The appellant shall include in its brief, under the headings and in the order indicated, all of the following: * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."

**{¶20}** "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Thomas v. Harmon,* 4th Dist. No. 08CA17, 2009–Ohio-3299, ¶ 14, quoting *State v. Carman,* 8th Dist. No. 90512, 2008–Ohio–4368, ¶ 31. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Boswell,* 9th Dist. No. 24184, 2009–Ohio–1211, ¶ 16, quoting *Kremer v. Cox,* 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 9th Dist.1996). Therefore, "[w]e may disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions." *Frye v. Holzer Clinic, Inc.,* 4th Dist. No. 07CA4, 2008–Ohio–2194, ¶ 12. *See, also*, App.R. 16(A)(7); App.R. 12(A)(2); *Albright v. Albright,* 4th Dist. No. 06CA35, 2007–Ohio–3709, ¶ 16; *Tally v. Patrick,* 11th Dist. No. 2008–T–0072, 2009–Ohio–1831, ¶¶ 21–22; *Jarvis v. Stone,* 9th Dist. No. 23904, 2008–Ohio–3313, ¶ 23; *State v. Paulsen,* 4th Dist. Nos. 09CA15, 09CA16, 2010–Ohio-806, ¶ 6; *State v. Norman,* 5th Dist. No. 2010–CA–22, 2011–Ohio–596, ¶ 29; *State v. Untied,* 5th Dist. No. CT20060005, 2007 WL 1122731, ¶ 141.

**{¶21}** According to App. R. 12(A)(2):

**{¶22}** "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of

error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A)."

**{¶23}** An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Hawley v. Ritley,* 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392–393(1988); *Abon, Ltd. v. Transcontinental Ins. Co.,* 5th Dist. No. 2004–CA–0029, 2005 WL 1414486, ¶ 100; *State v. Miller,* 5th Dist. No. 04–COA–003, 2004–Ohio–4636, ¶ 41. "Errors not treated in the brief will be regarded as having been abandoned by the party who gave them birth." *Uncapher v. Baltimore & Ohio Rd. Co.,* 127 Ohio St. 351, 356, 188 N.E. 553, 555(1933).

**{¶24}** We shall therefore only address Appellant's arguments as they relate to the trial court's determination that Appellant's motion is barred by the doctrine of *res judicata.*

**{¶25}** "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

**{¶26}** Appellant, in his motion to vacate his sentence, argues that the offenses for which he was previously convicted and sentenced were "allied offenses" and that the trial court erred in sentencing. Appellant did not raise this sentencing error on direct

appeal, as he could have done. On this basis, the trial court found that his motion to vacate was barred by *res judicata*.

**{¶27}** Appellant argues that the trial court's judgment of conviction and his resulting sentences were void. A void sentence "is not precluded from appellate review by principles of *res judicata*, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Parson,* 2d Dist. Montgomery No. 24641, 2012–Ohio–730, ¶ 8; *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 233, ¶ 8.

**{¶28}** Under Ohio law, there are "but two reasons that a judgment is void: '[the judgment] has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act.' " *Lamb v. Lamb,* 2d Dist. Montgomery No. 92–DM–1074, 2011–Ohio–2970, ¶ 12, quoting *State v. Simpkins,* 117 Ohio St.3d 420, 2008–Ohio–1197, 884 N.E.2d 568, ¶ 12.

**{¶29}** Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *State v. Simpkins,* 117 Ohio St.3d 420, 2008–Ohio–1197, 884 N.E.2d 568, ¶ 12. Moreover, "defendants with a voidable sentence are entitled to re-sentencing only upon a successful challenge on direct appeal." *State v. Payne,* 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306, ¶ 30.

**{¶30}** Even if we accept that the trial court erred at the time of sentencing when it failed to find that one or more of Appellant's offenses were allied offenses of similar import, Appellant's sentence is merely voidable and not void. *Id.*

**{¶31}** The trial court clearly had jurisdiction over Appellant's case and the authority to impose a sentence upon him. Further, Appellant's sentence was within the statutory limits and was provided for by law. Thus, his sentence was not void.

**{¶32}** Arguments challenging the imposition of a sentence that is voidable are barred by the doctrine of *res judicata* if not raised on direct appeal. *Parson, supra,* citing *State v. Simpkins,* 117 Ohio St.3d 420, 2008–Ohio–1197, 884 N.E.2d 568, ¶ 30. *Res judicata* precludes a defendant from raising an issue "in a motion for post-conviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds,* 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997). Because Appellant's sentence, assuming his allied offense argument had merit, would be voidable, he is barred by the doctrine of *res judicata* from challenging his sentence on those grounds collaterally through his petition for post-conviction relief. *Smith v. Voorhies,* 119 Ohio St.3d 345, 2008–Ohio–4479, 894 N.E.2d 44, ¶ 10–11 ("allied-offense claims are non-jurisdictional," and, thus, barred by the doctrine of res judicata where they were raised, or could have been raised, on direct appeal).

**{¶33}** Further, because Appellant's sentence is not void, his motion to vacate sentence was properly reclassified by the trial court as a petition for post-conviction relief. *State v. Reynolds,* 79 Ohio St.3d 158, 160 (1997). The motion was untimely because it was not filed within 180 days after the time for filing an appeal expired, and the conditions for extending that time were not satisfied. *See* R.C. 2953.21(A)(2) and R.C. §2953.23(A).

{¶34} Based on the foregoing, we find Appellant's sentence is not void. The trial court correctly construed his motion to vacate sentence as a petition for post-conviction relief and correctly determined that he was not entitled to relief.

{¶35} Appellant's First and Third Assignments of Error are denied.

II.

{¶36} In his Second Assignment of Error, Appellant argues that the trial court violated his right to equal protection under Article XIV of the United States Constitution. We disagree.

{¶37} Appellant argues that because the State was allowed to move the trial court to modify the sexual offender classification portion of his sentence, he should be permitted to raise an allied offense sentencing error argument.

{¶38} Upon review, we find Appellant's argument not well-taken.

{¶39} A retroactive classification of an offender under S.B. 10 for an offense committed before the effective date of that act "was not merely voidable, but void." *State v. Knowles,* 2d Dist Champaign No. 2011–CA–17, 2012–Ohio–2543, ¶ 9–10, following *State v. Eads,* 2d Dist. Montgomery No. 24696, 2011–Ohio–6307, ¶ 24.

{¶40} However, as set forth above, an argument challenging the imposition of a sentence that is "voidable" is barred by the doctrine of *res judicata* if not raised on direct appeal. *Parson, supra,* citing *State v. Simpkins,* 117 Ohio St.3d 420, 2008–Ohio–1197, 884 N.E.2d 568, ¶ 30.

{¶41} As a "void" judgment and a "voidable" judgment are distinctly different, we do not find that the State and Appellant were similarly situated litigants for purposes of an Equal Protection analysis.

**{¶42}** Appellant's Second Assignment of Error is overruled.

IV.

**{¶43}** In his Fourth and final Assignment of Error, Appellant claims that the trial court erred in not granting his motion for a new sentencing hearing. We disagree.

**{¶44}** It does not appear that the trial court formally ruled upon or addressed Appellant's motion for a new sentencing hearing. It is well-settled that, when a motion is not ruled on, it is deemed to be denied. *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 169, 561 N.E.2d 1001; *Solon v. Solon Baptist Temple, Inc.* (1982), 8 Ohio App.3d 347, 457 N.E.2d 858; *State v. Whitaker,* Cuyahoga App. No. 83824, 2004-Ohio-5016.

**{¶45}** This Court, in its previous Opinion in *Hurst II*, vacated the illegal portion of Appellant's sentence and affirmed his sentence in all other aspects, therein ordering final judgment without the need for remand or a new sentencing hearing.

**{¶46}** Based on our remand, we do not find error in the trial court's failure to conduct a new sentencing hearing.

**{¶47}** Accordingly, Appellant's Fourth Assignment of Error is denied.

**{¶48}** For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J, and

Farmer, J., concur.