THE STATE EX REL. INDIANA INSURANCE COMPANY *v.* REINBOLD, JUDGE, ET AL.

[Cite as *State ex rel. Indiana Ins. Co. v. Reinbold,*
104 Ohio St.3d 1201, 2004-Ohio-6507.]

(No. 2004–1238—Submitted October 12, 2004—Decided December 15, 2004.)

{¶ 1} This cause originated in this court on the filing of a complaint for a writ of mandamus. Upon consideration of the motions of Terry and Nancy Poulton for leave to intervene as respondents and to dismiss, relator's motion to strike the Poultons' motion to dismiss, and respondents' motions to dismiss,

{¶ 2} IT IS ORDERED by the court that the motion for leave to intervene be, and hereby is, granted and that Terry and Nancy Poulton be, and hereby are, permitted to intervene as respondents.

{¶ 3} IT IS FURTHER ORDERED that relator's motion to strike the Poultons' motion to dismiss be, and hereby is, denied.

{¶ 4} IT IS FURTHER ORDERED that, because relator has an adequate remedy at law, respondents' motions to dismiss be, and hereby are, granted.

{¶ 5} IT IS FURTHER ORDERED that this cause be, and hereby is, dismissed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, O'CONNOR and O'DONNELL, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

LUNDBERG STRATTON, J., concurring.

{¶ 6} I concur that this case must be dismissed because relator has an adequate remedy at law. The underlying case, *Poulton v. Am. Economy Ins. Co.*, was one of the many cases we held for our decision in *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. We resolved *Poulton* in a one-line entry: "The judgment against Indiana Insurance Company is reversed." *In re Uninsured & Underinsured Motorist Coverage Cases*, 100 Ohio St.3d 302, 2003-Ohio-5888, 798 N.E.2d 1077, ¶ 75. By this entry, I believe we intended to reverse the judgment against Indiana Insurance Company that was based upon a *Scott–Pontzer* cause of action. See *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116. Our entry did not differentiate between the auto and umbrella policies because *Galatis* applied to any judgment that was based on *Scott–Pontzer*, where the injured party was not in the course and scope of employment, or that was based upon the related case of *Ezawa v. Yasuda Fire & Marine Ins. Co. of Am.* (1999), 86 Ohio St.3d 557, 715

N.E.2d 1142. Our entry in *Poulton v. Am. Economy Ins. Co.* established the law of the case.

{¶ 7} Nevertheless, because Indiana Insurance Company has an adequate remedy in the ordinary course of law, and in fact has an appeal pending, mandamus is not proper. This case must follow its ordinary course through the appellate court.

---

Pelini & Fischer, Ltd., Craig G. Pelini and Julie A. Geiser, for relator.

John D. Ferrero, Stark County Prosecuting Attorney, and Sharon D. Miller, Assistant Prosecuting Attorney, for respondent Stark County Common Pleas Judge Richard Reinbold.

Jim Petro, Attorney General, and Holly J. Hunt, Assistant Attorney General, for respondent Fifth District Court of Appeals.

John S. Coury, for intervenors Terry and Nancy Poulton.