OPINION
{¶ 1} On August 3, 1998, appellee, Terry Poulton, was involved in an accident while riding a motorcycle, caused by the negligence of another. Appellee sustained serious injuries.
 {¶ 2} At the time of the accident, appellee's wife, Nancy Poulton, was employed by Sun State Plastics, Inc., insured under a commercial automobile policy ($1,000,000) and an umbrella policy ($2,000,000) issued by appellant, Indiana Insurance Company.
 {¶ 3} On August 2, 2000, appellee, together with his wife, filed a complaint against the tortfeasor and several insurance companies. Indiana intervened on June 13, 2001. Indiana conceded coverage under the commercial automobile policy, but contested coverage under the umbrella policy.
 {¶ 4} The issue of uninsured motorist benefits was submitted to binding arbitration. The arbitration panel awarded appellees $2,500,000. On July 24, 2001, appellees filed an application to confirm the award and reduce it to judgment. By judgment entry filed January 9, 2002, the trial court confirmed the award and entered judgment for damages in the set-off amount of $2,400,000 as against Indiana and American States Preferred Insurance Company.
 {¶ 5} On January 22, 2002, Indiana filed a motion for reconsideration regarding primary and excess coverage involving the various insurance companies.
 {¶ 6} On February 7, 2002, Indiana filed a notice of appeal regarding the umbrella policy.
 {¶ 7} On February 13, 2002, the trial court granted Indiana's motion for reconsideration.
 {¶ 8} By opinion and judgment entry filed December 23, 2002, this court affirmed the trial court's decision, but reversed the trial court's decision on reconsideration as the trial court lacked jurisdiction to enter the judgment. See, Poulton v.American Economy Insurance Company, Stark App. Nos. 2002-CA-00038 and 2002-CA-00061, 2002-Ohio-7214.
 {¶ 9} On discretionary appeal and certification of a conflict regarding Indiana's umbrella policy, the Supreme Court of Ohio reversed the judgment against Indiana on the authority ofWestfield Insurance Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849. See, In Re Uninsured and Underinsured MotoristCoverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888.
 {¶ 10} On February 3, 2004, appellees filed a motion to enforce payment of uninsured motorist benefits under Indiana's commercial automobile policy. By judgment entry filed June 18, 2004, the trial court granted the motion, finding Indiana was bound to the judgment pertaining to the automobile policy. A nunc pro tunc judgment entry adding final appealable order language was filed on June 29, 2004.
 {¶ 11} Indiana filed an appeal with this court and a writ of mandamus with the Supreme Court of Ohio, asking the court to intervene and compel the trial court to apply the law ofGalatis and the law of the case doctrine. The Supreme Court of Ohio dismissed the mandamus action, finding Indiana had an adequate remedy at law, namely, the appeal to this court. See,State ex rel. Indiana Insurance Company vs. Stark County Courtof Common Pleas, 104 Ohio St.3d 1201, 2004-Ohio-6507. This matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 12} "The trial court erred in entering judgment against indiana insurance company."
 II {¶ 13} "The trial court erred in reinstating a judgment against indiana insurance company after the Ohio Supreme Court explicitly reversed the same judgment and established the law of the case."
 III {¶ 14} "The trial court erred in failing to apply Galatis
to preclude any judgment in favor of appellees, particularly when the ohio supreme court explicitly stated that the judgment against indiana was reversed on the authority of Galatis."
 IV {¶ 15} "The trial court erred in applying the doctrine ofres judicata to support a judgment against indiana insurance company."
 V {¶ 16} "The trial court erred in reinstating an Ezawa-based judgment against indiana insurance company after the supreme court explicitly overruled Ezawa."
 I, II, III, IV, V {¶ 17} Indiana claims the trial court erred in failing to follow the mandate of the Supreme Court of Ohio in In ReUninsured and Underinsured Motorist Coverage Cases,100 Ohio St.3d 302, 2003-Ohio-5888. For the following reasons, we agree.
 {¶ 18} In the opinion at ¶ 75, the Supreme Court of Ohio stated "2003-0258 and 2003-0415. Poulton v. Am. Economy Ins.Co., Stark App. Nos. 2002-CA-00038 and 2002-CA-00061,2002-Ohio-7214, 2002 WL 31883646. The judgment against Indiana Insurance Company is reversed."
 {¶ 19} The gravamen of this appeal is the meaning of this mandate. On its face, it would imply that any judgment arising out of the case against Indiana is reversed. However, we find our inquiry should not stop with this statement.
 {¶ 20} The original February 7, 2002 notice of appeal in the underlying case appealed the trial court's January 9, 2002 judgment entry. This entry recites the issues and states, "Indiana reluctantly submits that under the authority ofScott-Pontzer and Ezawa, Poulton would qualify as a named insured under the Indiana commercial automobile liability policy." The trial court then found, "Terry Poulton is entitled to $1 million dollars in UM/UIM coverage under the Indiana Insurance Company commercial automobile policy." The trial court confirmed the $2,500,000 arbitration award and ordered a set-off, awarding appellees $2,400,000 "as against American States Preferred Insurance Company and/or Indiana Insurance Company."
 {¶ 21} Clearly, the judgment appealed from included a finding of damages against Indiana under its commercial automobile liability policy. In the original direct appeal, this particular finding was not assigned as error nor were we requested to review coverage under the policy. Indiana contends some of the assignments of error involved the issue because it was tangentially aligned with other issues in the assignments. Our mandate was a reversal in part as it related to another insured, and an affirmance of the trial court's decision. See, Poulton v.American Economy Insurance Company, Stark App. Nos. 2002-CA-00038 and 2002-CA-00061, 2002-Ohio-7214.
 {¶ 22} App.R. 12(A)(1)(b) states a court of appeals shall determine "the appeal on its merits on the assignments of error set forth in the briefs * * *." Therefore, our decision was solely limited to the issues raised in the direct appeal, none of which involved coverage under the commercial automobile liability policy. Our review involved the computation of set-off and primary coverage as between the insurance companies. It is black letter law that issues not assigned as error are abandoned by the appellant. Hawley v. Ritley (1988), 35 Ohio St.3d 157;Uncapher v. Baltimore Ohio Railroad Company (1933),127 Ohio St. 351.
 {¶ 23} It is undisputed that if this case was heard or tried today and the issue of coverage raised, Indiana would not be required to provide coverage under Westfield Insurance Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. In fact, Indiana points out in Galatis, the issue was not whether the party was acting within the course and scope of employment, but whether the "broadened coverage" excluded the party from coverage. We concede that in 2001, it would have been legal suicide to pursue the issue of coverage under the commercial automobile policy given the status of the law at the time. Indiana was presented with "Hobson's choice," do what the present law required or challenge the unchallengeable.
 {¶ 24} Does the doctrine of res judicata apply sub judice? The Supreme Court of Ohio explained res judicata as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."Grava v. Parkman Twp., 73 Ohio St.3d 379, 1995-Ohio-331, syllabus.
 {¶ 25} In order to resolve this inconsistency between App.R. 12 and the doctrine of res judicata versus newly established law, we have the Supreme Court of Ohio's decisions post Galatis, in particular, Hopkins v. Dyer, 104 Ohio 3d 461, 2004-Ohio-6769. In Hopkins, the court relied on the uncontested fact that Hopkins, the injured party, admitted she was not acting in the course and scope of her employment at the time of the accident. Therefore, the Hopkins court found Hopkins did not qualify as an insured under Galatis. The Hopkins court at ¶ 19 held, "Because this holding is contrary to the determination inHopkins I that she was entitled to Scott-Pontzer coverage,Galatis constituted an intervening decision by a superior court that was inconsistent with the law of the case. Under these extraordinary circumstances, the court of appeals should have followed Galatis." Likewise, in its June 13, 2001 counterclaim against plaintiffs at ¶ 3, Indiana denied that appellee was acting within the course and scope of his employment as Indiana stated, "Plaintiffs are not named insureds or additional insureds under said policy."
 {¶ 26} Appellees moved the trial court to confirm the arbitration award of damages as a result of binding arbitration policy language in Indiana's policy. This award was not confirmed pursuant to R.C. 2711.09 and R.C. 2711.12 until the trial court's January 9, 2004 judgment entry.
 {¶ 27} Based upon the Supreme Court of Ohio's dicta inHopkins and the ruling on the mandamus action, State ex rel.Indiana Insurance Company vs. Stark County Court of CommonPleas, 104 Ohio St.3d 1201, 2004-Ohio-6507, we find the decision in Galatis is perceived by our highest court to affect any and all cases actively in the judicial system that were premised on the Scott-Pontzer case. Therefore, we regretfully concede the doctrine of res judicata has no bearing on Scott-Pontzer cases, and the assignments of error are granted.
 {¶ 28} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
Farmer, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed.